UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUSSELL R. WILLS,<br><br>               Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY, et al.,<br><br>               Defendants. | CASE NO. C19-5851 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Michael Stanfill's ("Stanfill") motion for summary judgment. Dkt. 29. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On August 9, 2019, Plaintiff Russell Wills ("Wills") filed a complaint in Pierce County Superior Court for the State of Washington against multiple parties including Stanfill. Dkt. 1-2. Wills's sole allegation is "violations of [his] civil rights on several different levels, punitive damages." *Id.* at 3.

On September 11, 2019, some defendants removed the matter to this Court. Dkt. 1.

On November 29, 2019, Wills improperly filed a supplemental complaint. Dkt. 25.

On December 31, 2019, Stanfill filed a motion for summary judgment. Dkt. 29. On January 24, 2020, Stanfill filed a reply. Dkt. 32. On January 28, 2020, Wills filed an untimely response. Dkt. 33.

## II.   FACTUAL BACKGROUND

The relevant facts are undisputed. Wills's public defender retained Stanfill to conduct a competency evaluation on Wills to determine whether Wills was competent to stand trial or whether Wills could assert certain affirmative defenses based on his mental health. On February 27, 2017, Stanfill conducted the evaluation to which Wills voluntarily agreed. After the consultation, Stanfill drafted a report and sent it to Wills's attorney. Dkt. 33-3. Wills eventually entered into a plea agreement pleading guilty to Intimidating a Public Servant and the court sentenced Wills to nine months of incarceration. Dkt. 31-2.

## III.   DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party

fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.  Merits**

Reading Wills's complaint in the light most favorable to him, the Court agrees with Stanfill that Wills asserts (1) a claim under 42 U.S.C. § 1983 for violations of his civil rights, (2) a claim under Title II of the Americans With Disabilities Act ("ADA"), and (3) a claim for medical malpractice under Washington law.  Wills's response does not contest this reading of his complaint.  Regarding the first two claims, Wills has failed to establish that Stanfill was acting under color of law to support a claim under § 1983 or that he was a government actor to support an ADA claim.  Regarding the state law claim, Stanfill has established that he is entitled to quasi-judicial immunity when he conducted the evaluation for purposes of Wills's criminal proceeding and Wills has failed to submit any expert opinion establishing that Stanfill's conduct fell below the standard of reasonable care.  Therefore, the Court grants Stanfill's motion on Wills's claims.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Stanfill's motion for summary judgment, Dkt. 29, is **GRANTED**.

The Clerk shall terminate Stanfill.

Dated this 28th day of February, 2020.

BENJAMIN H. SETTLE
United States District Judge