UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUSSELL R. WILLS,

                    Plaintiff,

          v.

PIERCE COUNTY, et al.,

                    Defendants.

CASE NO. C19-5851 BHS

ORDER GRANTING
DEFENDANTS' MOTIONS TO
DISMISS

This matter comes before the Court on Defendant Dr. Michael Stanfill's ("Stanfill") motion to dismiss, Dkt. 39, and Defendant Pierce County's motion to dismiss, Dkt. 40. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motions for the reasons stated herein.

## I.   PROCEDURAL HISTORY

On August 9, 2019, Plaintiff Russell Wills ("Wills") filed a complaint in the Pierce County Superior Court for the State of Washington against multiple parties including Stanfill and Pierce County. Dkt. 1-2. Wills's sole allegation was "violations of [his] civil rights on several different levels, punitive damages." *Id.* at 3.

On September 11, 2019, some defendants removed the matter to this Court. Dkt. 1.

On October 11, 2019, defendants including Pierce County filed a motion to dismiss for failure to properly serve and a motion for judgment on the pleadings. Dkt. 12. On November 29, 2019, Wills improperly filed a supplemental complaint. Dkt. 25. On December 31, 2019, Stanfill filed a motion for summary judgment. Dkt. 29.

On January 30, 2020, the Court granted the motion to dismiss and granted Wills leave to amend as to his claims against Pierce County. Dkt. 34 at 3. On February 25, 2020, the Court granted Stanfill's motion for summary judgment and dismissed Stanfill as a defendant. Dkt. 35.

On February 28, 2020, Wills filed an amended complaint, naming Pierce County, Stanfill, and Michael Stewart as defendants. Dkt. 36. Wills alleges "Violation of Civil Rights, as Outlined in Title II of the American's [sic] with Disabilities Act, Violation of [his] Constitutional Rights, General 1, 2, 9, Criminal Trials: 4, 5, 6, 7, 9, 12, 13, 14." *Id.* at 5. He alleges "[e]xtreme emotional, physical and financial injuries occurred. Mental Health treatment, Counseling," and seeks "punitive damages in the amount of $950,000 which includes $50,000 at the state rate for wrongful incarceration amounting to 270 days, all bail monies and travel considerations and fees for Electronic Home Monitoring." *Id.* at 7.

On March 11, 2020, Stanfill filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 39. On March 17, 2020, Pierce County filed a motion to dismiss for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5) and for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Dkt. 40. Also on

1    March 17, 2020, Pierce County filed a notice informing Wills of the requirements for

2    opposing dispositive motions under *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir.

3    1988) and *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003). Dkt. 41. Wills did not

4    respond to Stanfill's motion. On March 31, 2020, Stanfill replied to his own motion. Dkt.

5    42. On April 9, 2020, Pierce County replied to its motion. Dkt. 43. On April 10, 2020,

6    Wills filed an untimely response to Pierce County's motion. Dkt. 44.

7                            **II.   FACTUAL BACKGROUND**

8           The Court briefly summarizes the facts described in the documents attached to

9    Wills' amended complaint, Dkts. 36-1–36-5, which are relevant to the instant motions.

10          Wills alleges that he was arrested in DuPont, Washington on August 21-22, 2016.

11   Dkt. 35-1 at 1. Regarding the facts of the arrest, he refers to a letter from Michele

12   Erickson ("Erickson"). *Id.* Erickson's letter describes a traffic stop in the early morning

13   of August 21, 2016. Dkt. 36-5 at 1. The letter alleges that Wills was experiencing mental

14   health and physical distress at the time, and that she and Wills were both subject to

15   excessive force by police officers. *Id.*

16          Wills alleges that following his arrest, he was taken into custody and incarcerated

17   in the Pierce County Jail. Dkt. 36-1 at 1. He alleges that he was initially put on suicide

18   watch clothed only in a lead blanket for four hours, then transferred to general population

19   and placed in a filthy cell with a clogged toilet for 28 hours and denied a telephone call.

20   *Id*. He then alleges that he passed out, was revived by guards, and told the guards he

21   believed he was experiencing a heart attack but was denied medical care and left in the

22   cell for another nine hours. *Id*. at 2.

1    Wills then alleges that he was taken to court, charged with Intimidation of a Public

2    Servant, and returned to jail where he was assaulted by two inmates. *Id*. He then posted

3    bail. *Id*. He alleges that his appointed counsel arranged for a psychiatric evaluation from

4    Stanfill and that he was eventually convicted of Intimidation of a Public Servant "on the

5    testimony of an erroneous evaluation by Mr. Stanfill." *Id*. Wills alleges that he was

6    "essentially bullied and cajoled into a guilty plea" but took the deal "[d]ue to [his]

7    medical condition at the time and the exorbitant bail levied by Commissioner, Foley and

8    my unwillingness to wait 60 days in jail." *Id*. at 3. Finally, Wills alleges that the DuPont

9    Police Department has overhauled their policies "in dealing with Mental Health issues,"

10   referencing an email to Erickson from the DuPont City Administrator. *Id*. (citing Dkt. 36-

11   6 at 2).

12                              **III.  DISCUSSION**

13   **A.    Standard**

14          "After the pleadings are closed – but early enough not to delay trial – a party may

15   move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The pleadings are closed for

16   purposes of Rule 12(c) once a complaint and answer have been filed. *Doe v. United*

17   *States*, 419 F.3d 1058 (9th Cir. 2005). "Analysis under Rule 12(c) is 'substantially

18   identical' to analysis under Rule 12(b)(6) because, under both rules, a court must

19   determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to

20   a legal remedy." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir.

21   2015) (quoting *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)).

22

1    Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

2    Procedure may be based on either the lack of a cognizable legal theory or the absence of

3    sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901

4    F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the

5    complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301

6    (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed

7    factual allegations but must provide the grounds for entitlement to relief and not merely a

8    "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v.*

9    *Twombly,* 550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim

10   to relief that is plausible on its face." *Id.* at 570.

**B.    Analysis**

**1.    Stanfill's Motion**

The Court previously granted summary judgment for Stanfill on all claims alleged

against him in this case. Dkt. 35. Stanfill is correct that the Court's grant of summary

judgment was based on Wills's claims arising out of the competency evaluation Stanfill

performed on Wills, and Wills's amended complaint, liberally construed, re-alleges the

same facts and claims against Stanfill. Dkt. 39 at 2.[1] Wills did not reply to Stanfill's

motion, which the Court may construe as an admission that the motion has merit. Local

---

[1] The Court granted leave to amend in response to a motion to dismiss filed by defendants other than Stanfill, setting February 28, 2020 as the deadline for an amended complaint. Dkt. 34. Coincidentally, the Court's order on Stanfill's motion for summary judgment, Dkt. 35, issued on February 28, 2020, just prior to Wills's filing of his amended complaint, Dkt. 36.

Rules W.D. Wash. LCR 7(b)(2). Therefore, for the reasons set out in the Court's prior order, Dkt. 35, the Court grants Stanfill's motion to dismiss.

### 2.      Pierce County's Motion

Pierce County argues Wills's claims against it should be dismissed for (1) improper service and (2) failure to state a constitutional claim. Dkt. 40 at 2.

### a.      Service

In Washington, a plaintiff suing a county must serve the county auditor. *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1021 (9th Cir. 2017) (citing RCW 4.28.080(1)). "However, in '*all* cases removed from any State court to any district court of the United States,' a plaintiff may serve process upon removal if service of process was defective or was not attempted before removal." *Id.* at 1023 (quoting 28 U.S.C. § 1448)). "The Federal Rules of Civil Procedure govern service of process in federal court, *see* Fed. R. Civ. P. 4, and apply to a civil action after removal, *see* Fed. R. Civ. P. 81(c)(1)." *Id.* at 1023.

Fed R. Civ. P. 4(m) provides that if a defendant is not served within 90 days after a complaint is filed, "the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(j) provides that a state or local government must be served by either "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for serving as summons or like process on such a defendant." Proper service is required to invoke federal jurisdiction over a defendant, and while Fed. R. Civ. P. 4 should be liberally construed, substantial compliance is required

and actual notice is insufficient. *Direct Mail Specialists v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  "Where it appears that effective service can be made and there is no unfair prejudice to the defendant, quashing service rather than dismissing the action, and leaving the plaintiff free to effect proper service, is the appropriate course."  *Wick Towing, Inc. v. Northland*, C15-1864JLR, 2016 WL 3461587, at *2 (W.D. Wash. June 21, 2016) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)).

Pierce County argues that in this case, dismissal is warranted because service was not perfected before removal. Dkt. 40 at 6. The record shows that prior to removal, a summons was served on Alice McDaniel, assistant to Pierce County Executive Bruce Dammeier, care of Tamara Suec. Dkt. 7. Pierce County is correct that service in this case was improper under state law prior to removal as it was not made on the auditor and as it contained only a summons, rather than the summons and the complaint. However, the federal rules provide that service may be perfected after removal, *Whidbee*, 857 F.3d at 1023, and Pierce County has failed to establish sufficient prejudice if Wills is allowed an opportunity to perfect service. Therefore, the Court quashes Wills's attempted service and orders that service of the summons and any amended complaint on Pierce County occur no later than June 15, 2020. Fed. R. Civ. P. 4(m).

### b.    Constitutional Claims

"While local governments may be sued under § 1983, they cannot be held vicariously liable for their employees' constitutional violations." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013). To state a claim against a municipality

1   under § 1983, a Plaintiff must allege sufficient facts to support a reasonable inference that

2   the execution of a policy, custom, or practice was the "moving force" that resulted in the

3   deprivation of his constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–

4   92 (1978). Because a municipality may not be sued under a *respondeat superior* theory,

5   "[a] plaintiff must therefore show '*deliberate* action attributable to the municipality [that]

6   directly caused a deprivation of federal rights.'" *Horton by Horton v. City of Santa*

7   *Maria*, 915 F.3d 592, 603 (9th Cir. 2019) (quoting *Bd. of Cty. Comm'rs v. Brown*, 520

8   U.S. 397, 415 (1997)).

9     Even liberally construing Wills's amended complaint, he fails to allege facts to

10  support a reasonable inference that deliberate action attributable to Pierce County directly

11  caused a deprivation of federal rights. Wills describes a series of events. To state a claim

12  against Pierce County, Wills would need to allege some facts which would allow Pierce

13  County to understand which events he alleges are attributable to Pierce County, which

14  events violated which of his federal rights, and how those events are the result of Pierce

15  County's policy, custom, or practice. The Court informs Wills that failure to provide

16  sufficient factual allegations on these issues will result in dismissal of any amended

17  complaint.

18  **C.   Leave to Amend**

19    In the event the Court finds that dismissal is warranted, the Court should grant the

20  plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v.*

21  *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The Court finds that as to Pierce

22  County, Wills could possibly state a claim. As to Stanfill, amendment would be futile as

the Court has already granted summary judgment on all claims alleged against him. Therefore, the Court grants Wills leave to amend his complaint only against Pierce County.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that:

(1) Stanfill's motion to dismiss, Dkt. 39, is **GRANTED** and Wills's claims against him are **DISMISSED with prejudice**;

(2) The Clerk shall terminate Stanfill;

(3) Pierce County's motion to dismiss, Dkt. 40, is **GRANTED** and Wills's claims against it are **DISMISSED without prejudice** and with leave to amend;

(4) Wills is **GRANTED** leave to amend his complaint and must file an amended complaint no later than June 1, 2020. Failure to file a complaint or otherwise show cause why a complaint was not timely filed may result in **DISMISSAL**; and

(5) Wills must perfect service of his amended complaint on Pierce County no later than June 12, 2020. Failure to perfect service or otherwise show cause why the amended complaint and summons were not timely served may result in **DISMISSAL.**

Dated this 18th day of May, 2020.

BENJAMIN H. SETTLE
United States District Judge