UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUSSELL R. WILLS,<br><br>     Plaintiff,<br><br>  v.<br><br>PIERCE COUNTY, et al.,<br><br>     Defendants. | CASE NO. C19-5851 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Pierce County's motion to dismiss. Dkt. 51. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On August 9, 2019, Plaintiff Russell Wills ("Wills") filed a complaint in the Pierce County Superior Court for the State of Washington against multiple parties including Pierce County. Dkt. 1-2. Wills's sole allegation was "violations of [his] civil rights on several different levels, punitive damages." *Id*. at 3.

On September 11, 2019, some defendants removed the matter to this Court. Dkt. 1.

ORDER - 1

1    On October 11, 2019, defendants including Pierce County filed a motion to

2 dismiss for failure to properly serve and a motion for judgment on the pleadings. Dkt. 12.

3 On November 29, 2019, Wills improperly filed a supplemental complaint. Dkt. 25. On

4 December 31, 2019, Dr. Michael Stanfill ("Stanfill") filed a motion for summary

5 judgment. Dkt. 29.

6    On January 30, 2020, the Court granted the motion to dismiss and granted Wills

7 leave to amend as to his claims against Pierce County. Dkt. 34 at 3. On February 25,

8 2020, the Court granted Stanfill's motion for summary judgment and dismissed Stanfill

9 as a defendant. Dkt. 35.

10    On February 28, 2020, Wills filed an amended complaint, naming Pierce County,

11 Stanfill, and Michael Stewart as defendants. Dkt. 36. On March 11, 2020, Stanfill filed a

12 motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 39.

13 On March 17, 2020, Pierce County filed a motion to dismiss for insufficient service of

14 process pursuant to Fed. R. Civ. P. 12(b)(5) and for judgment on the pleadings pursuant

15 to Fed. R. Civ. P. 12(c). Dkt. 40. Also on March 17, 2020, Pierce County filed a notice

16 informing Wills of the requirements for opposing dispositive motions under *Rand v.*

17 *Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1988) and *Wyatt v. Terhune*, 315 F.3d 1108

18 (9th Cir. 2003). Dkt. 41. Wills did not respond to Stanfill's motion. On March 31, 2020,

19 Stanfill replied to his own motion. Dkt. 42. On April 9, 2020, Pierce County replied to its

20 motion. Dkt. 43. On April 10, 2020, Wills filed an untimely response to Pierce County's

21 motion. Dkt. 44. On May 18, 2020, this Court granted Stanfill's motion, dismissing

22

1  Wills's claims against him with prejudice, and granted Pierce County's motion to dismiss
2  with leave to amend. Dkt. 45.
3        Wills filed his Second Amended Complaint against Piece County on June 1, 2020,
4  realleging the same facts stated in his Amended Complaint. Dkts. 46 and 46-1; *see also*
5  Dkt. 36. Wills alleges, as he did in his First Amended Complaint, "Violation of Civil
6  Rights, as Outlined in Title II of the American's [sic] with Disabilities Act, Violation of
7  [his] Constitutional Rights, General 1, 2, 9, Criminal Trials: 4, 5, 6, 7, 9, 12, 13, 14." Dkt.
8  46 at 5. He alleges "[e]xtreme emotional, physical and financial injuries occurred. Mental
9  Health treatment, Counseling," and seeks "punitive damages in the amount of $950,000
10 which includes $50,000 at the state rate for wrongful incarceration amounting to 270
11 days, all bail monies and travel considerations and fees for Electronic Home Monitoring."
12 *Id*. at 7.
13       On June 18, 2020, Piece County filed a third motion to dismiss pursuant to Federal
14 Rule of Civil Procedure 12(c) and for failure to state a claim.[1] Dkt. 51. Wills filed an
15 untimely response to the motion on July 6, 2020. Dkts. 53 and 54. On July 9, 2020,
16 Pierce County replied. Dkt. 55.

## II. FACTUAL BACKGROUND

The Court briefly summarizes the facts described in the document attached to Wills' amended complaint, Dkt. 46-1, which is relevant to the instant motion.

---

[1] Defendant Pierce County moves to dismiss Wills's claims under Federal Rule of Civil Procedure 12(b)(5) (insufficient service of process) but argues that Wills fails to state a claim upon which relief can be granted. The Court assumes that Pierce County is moving to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

ORDER - 3

1     Wills alleges that he was arrested in DuPont, Washington on August 21-22, 2016. *Id.* at 1. Regarding the facts of the arrest, he refers to a letter from Michele Erickson, but did not attach the letter to the Second Amended Complaint. *Id.*

    Wills alleges that following his arrest, he was taken into custody and incarcerated in the Pierce County Jail. Dkt. *Id.* He alleges that he was initially put on suicide watch clothed only in a lead blanket for four hours, then transferred to general population and placed in a filthy cell with a clogged toilet for 28 hours and denied a telephone call. *Id.* He then alleges that he passed out, was revived by guards, and told the guards he believed he was experiencing a heart attack but was denied medical care and left in the cell for another nine hours. *Id.* at 2.

    Wills then alleges that he was taken to court, charged with Intimidation of a Public Servant, and returned to jail where he was assaulted by two inmates. *Id.* He then posted bail. *Id.* He alleges that his appointed counsel arranged for a psychiatric evaluation from Stanfill and that he was eventually convicted of Intimidation of a Public Servant "on the testimony of an erroneous evaluation by Mr. Stanfill." *Id.* Wills alleges that he was "essentially bullied and cajoled into a guilty plea" but took the deal "[d]ue to [his] medical condition at the time and the exorbitant bail levied by Commissioner, Foley and my unwillingness to wait 60 days in jail." *Id.* at 3. Finally, Wills alleges that the DuPont Police Department has overhauled their policies "in dealing with Mental Health issues," referencing an email from the DuPont City Administrator. *Id.*

## III. DISCUSSION

**A. Standard**

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The pleadings are closed for purposes of Rule 12(c) once a complaint and answer have been filed. *Doe v. United States*, 419 F.3d 1058 (9th Cir. 2005). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) (quoting *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)).

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

### B.  Analysis

"While local governments may be sued under § 1983, they cannot be held vicariously liable for their employees' constitutional violations." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013). To state a claim against a municipality under § 1983, a Plaintiff must allege sufficient facts to support a reasonable inference that the execution of a policy, custom, or practice was the "moving force" that resulted in the deprivation of his constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978). Because a municipality may not be sued under a *respondeat superior* theory, "[a] plaintiff must therefore show '*deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights.'" *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019) (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997)).

Even liberally construing Wills's amended complaint, he fails to allege facts to support a reasonable inference that deliberate action attributable to Pierce County—of the kind required by *Monell*—directly caused a deprivation of federal rights. Wills describes a series of events in his Second Amended Complaint that are identical to his First Amended Complaint. *Compare* Dkt. 46-1 *with* Dkt. 36-1. To state a claim against Pierce County, Wills must allege some facts which would allow Pierce County to understand which events he alleges are attributable to Pierce County, which events violated which of his federal rights, and how those events are the result of Pierce County's policy, custom, or practice. The Court has previously informed Wills that failure to provide sufficient factual allegations on these issues will result in dismissal of any amended complaint, and

Wills has failed to provide sufficient factual allegations to sustain his claims against Pierce County.

Where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, "[t]he district court's discretion to deny leave to amend is particularly broad." *In re Read–Rite*, 335 F.3d 843, 845 (9th Circ. 2003) (quoting *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097–98 (9th Cir. 2002)). The Court granted Wills the opportunity to amend his complaint in its previous order on Pierce County's motion to dismiss, Dkt. 45, and Wills failed to correct the deficiencies identified by the Court's previous order. Thus, the Court grants Pierce County's motion to dismiss and denies Wills leave to amend.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Pierce County's motion to dismiss, Dkt. 51, is **GRANTED** and Wills's claims are **DISMISSED with prejudice**. The Clerk shall enter judgment and close this case.

Dated this 11th day of August, 2020.

BENJAMIN H. SETTLE
United States District Judge